PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT O. POWERS, | ) | CASE NO. 5:08cv520 |
| Petitioner, | ) | |
| | ) | JUDGE ECONOMUS |
| v. | ) | MAGISTRATE JUDGE PEARSON |
| MAGGIE BEIGHTLER, Warden, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

**Introduction**

Pending before the Court is Robert O. Powers' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He has also filed motions seeking to expand the record and for an evidentiary hearing. *See* ECF Nos. 14 & 15. This memorandum of opinion and order addresses only his motions to expand the record and for an evidentiary hearing.

1. **Motion to Expand the Record**

In general, "[i]f the petition is not dismissed, the Court may direct the parties to expand the record by submitting additional materials relating to the petition." Rules governing section 2254 petitions – Rule 7(a). "The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record." Rules governing section 2254 petitions – Rule 7(b).

(5:08CV520)

In his motion to expand the record, Powers asserted that there are substantial and significant omissions from the state trial court record that are "vital because they pertain to the Constitutional claims in which he has raised in his §2254 Habeas Corpus Petition." ECF No. 14 at 1. Powers further claimed that, "petitioner's Constitutional claims were not fairly adjudicated on Direct Appeal due to the omissions in the record." Id. Powers has requested that this Court expand the record "to alleviate any factual disputes in regards to Petitioner's Constitutional claims" and ". . . to facilitate a full and fair review of Powers's Constitutional claims." Id. Powers requests that the Court expand the record to include the following documents, letters, and transcripts:

1. May 20, 2006, Hearing to Suppress the victim's statement;

2. June 8, 2006, Hearing on Powers's Faretta request;

3. June 9, 2008, Hearing on the appointment of counsel/standby counsel;

4. Hearings held on June 13th, and June 20th of 2006;

5. A final status conference held on July 28, 2006; and

6. A consent to waiver of counsel document in which trial Judge permitted the Powers to sign on June 8, 2006.

Id. Powers did not, however, specify the significance of these items to his pending petition for habeas corpus.

After reviewing the record and related pleadings, the Court has determined that Items 2, 3 and 6 are most closely aligned with Powers' first ground for relief and that Item 1 is aligned with Powers' third ground for relief. The Court does not know which grounds for relief, if any, to

2

(5:08CV520)

which Items 4 and 5 relate.

In light of Rule 7(a) governing § 2254 petitions and 81(a)(4) of the Federal Rules of Civil Procedure, the Court grants Petitioner's Motion Requesting Expansion of the Record by adding Items 1, 2, 3 and 6.  The Court will assess the significance and relevance of these Items and resolve any evidentiary issues regarding them prior to issuing the report and recommendation regarding the petition.  Powers' motion is denied as to Items 4 and 5, given that the Court cannot divine their import, nor has Powers offered it.

### 2. Motion for an Evidentiary Hearing

Generally, when a petitioner files a motion for an evidentiary hearing, "[i]f the petition is not dismissed, the Court must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7(a) to determine whether an evidentiary hearing is warranted."  Rules governing section 2254 petitions – Rule 8(a).

"If the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that the claim relies on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2).  Furthermore, "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense."  Id.

Powers requested an evidentiary hearing concerning his first ground for relief alleging

3

(5:08CV520)

that the State record contained "significant and critical omissions" and "issues of material facts were not developed in the state courts due to the above mentioned omissions in the record." ECF No. 15 at 1.

Having reviewed the record and related pleadings, the Court determines that an evidentiary hearing is not required nor would it assist the Court in resolving the pending petition. Accordingly, Powers' motion for an evidentiary hearing is denied.

## **Conclusion**

For the reasons provided above, Powers' Motion to Expand the Record (ECF No. 14) is granted in part and denied in part. Items 1, 2, 3 and 6 are to be added to the record. Respondent is hereby ordered to provide those Items to the Court and also to Powers. The Motion Requesting Expansion of the Record is denied as to Items 4 and 5. Additionally, Powers' Motion for an Evidentiary Hearing (ECF No. 15) is denied.

The Court will provide a copy of this Order, via U.S. mail, to Petitioner Robert O. Powers. A copy of this Order will also be sent to the Warden, via U.S. mail.

IT IS SO ORDERED.

| March 13, 2009 | s/ Benita Y. Pearson |
|---|---|
| Date | United States Magistrate Judge |