PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT O. POWERS, | ) | CASE NO.  5:08CV520 |
| PETITIONER, | ) | |
| v. | ) | MAGISTRATE JUDGE PEARSON |
| MAGGIE BEIGHTLER, WARDEN, | ) | **MEMORANDUM OPINION AND ORDER** |
| RESPONDENT. | ) | (Resolving ECF No. 18) |

Pending before the Court is Robert O. Powers' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. This Order resolves Petitioner's Motion for Expansion of Record and Motion to Compel, ECF No. 18.

A. **Documents Requested by Petitioner Powers**

Respondent has filed the below described items, in response to Orders docketed as ECF Nos. 17 and 19, and provided hard copies to Petitioner Powers.[1] The documents filed by Respondent appear to relate to those requested by Petitioner Powers in the following manner:

---

[1] In multiple filings, Respondent informed the Court that a copy of all documents filed with the Court were also provided to Powers. *See* ECF Nos. 26-1, 30-1, 22-1, 22-2, and 27-1.

(5:08CV520)

| Petitioner's Requested Item | Corresponding Document filed by Respondent | Respondent's Explanation |
|---|---|---|
| Item 1 - May 20, 2006 hearing | ECF No. 26-1 | The hearing of May 20, 2006 was actually conducted on May 30, 2006 . |
| Item 2 - June 8, 2006 hearing | ECF No. 30-1 | There was a hearing held on June 6, 2006, but no hearing held on June 8, 2006. |
| Item 3 - June 9, 2008 hearing | ECF No. 30-1 | There was a hearing held on June 6, 2006, but no hearing on June 9, 2006. |
| Item 4 - June 13, 2006 | ECF No. 22-1 | The hearing of June 6, 2006 was re-convened on June 13, 2006. |
| Item 4 - June 20, 2006 | ECF No. 22-2 | The hearing of June 20, 2006 may have been held on July 20, 2006 as both dates appear on that transcript. |
| Item 5 - July 28, 2006 | ECF No. 27-1 | The hearing of July 28, 2006 was actually held on July 25, 2008. |

(5:08CV520)

| Item 6 - Consent of Waiver Form | None. *See* ECF No. 32-1, affidavit of bailiff. | Conversations with the Summit County Prosecutor led Counsel to contact the trial court's bailiff in search of the Counsel Waiver form. The bailiff has signed an affidavit saying that the consent of waiver form was provided to Petitioner Powers during the June 6, 2006 hearing. The Court then took the request for self-representation under advisement. At the next hearing on June 13, 2006, Powers told the Court that he would like to be represented by Attorney Patrick Summers (see 6-13-06 transcript, p. 3-4). Patrick Summers was appointed to represent Powers. Because Powers agreed to representation, no form was filed with the clerk of courts. The bailiff says that he looked through the file himself, and did not find the form. |

**B. Petitioner Powers' Item 7**

Petitioner Powers purports that Item 7 is a copy of a motion filed by his "appointed trial counsel [who was seeking to] withdraw from the case." ECF No. 18 at 3. Petitioner Powers attached a copy of the motion to withdraw as Exhibit C. *See* ECF No. 18 at 8. Powers "maintains that although the trial court permitted [Russell] Buzzelli to withdraw from the case, [Powers] believes that the actual motion was never journalized and put on the trial court's

3

(5:08CV520)

docket." ECF No. 18 at 3.

On September 22, 2009, the undersigned granted Petitioner Powers' Motion to Expand the Record (ECF No. 18) by adding Item 7, along with Items 4 and 5. ECF No. 19. The undersigned also gave Respondent permission to deny or admit the correctness of Item 7 or to otherwise lodge an objection.

Respondent objects to expanding the record with Item 7 because it is not self-authenticating. ECF No. 21 at 3. Specifically, Respondent contends that "there is no file stamp on the document and the signature may or may not be authentic," and "the state court record does not support that any additional reasons were offered by Attorney Buzelli to the court."[23] ECF No. 21 at 3. Respondent urges the undersigned to reject admission of Item 7 or give it little weight.

" The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." FRE 901(a). Powers has not proven the authentication of Item 7 in any manner consistent with FRE 901(a).[4] Certain documents are authenticated without extrinsic

---

[2] In ECF No. 21, Respondent's counsel informed the undersigned that she would contact Attorney Buzelli, if he could be found, regarding his un-filed motion. Respondent's counsel also said that she would try to "obtain an affidavit as to what reasons he offered to the court for his request to withdraw." ECF No. 21 at 2 n.1.

[3] In ECF No. 32, Respondent's counsel confirmed that she did contact Attorney Buzelli to confer about Item 7. Respondent's counsel contact with Attorney Buzelli led to the following information, "Attorney Buzelli stated that he believed that he read his motion into the record. However, a review of the transcript of 6-6-06 does not reflect such a reading of the motion, though a statement was made. (Tr. 6-6-06, pp. 59-60.)." ECF No. 32 at 2.

[4] Authentication can be illustrated by: (1) Testimony of witness with knowledge, (2) Nonexpert opinion on handwriting, (3) Comparison by trier or expert witness, (4) Distinctive

(5:08CV520)

evidence of authenticity.[5] FRE 902. Pursuant to FRE 902, Item 7 is not a such a self-authenticating document.

 The undersigned finds that Attorney Buzelli's request to be released from representing Petitioner Powers is fully documented and memorialized in the trial transcript from June 6, 2006 at pages 59-60. ECF No. 30-1 at 59-60. Furthermore, the trial transcript reflects the same reason for Attorney Buzelli's withdrawal as his alleged motion -- lack of communication with Powers. ECF No. 18 at 8. Due Process does not require nor is the undersigned inclined to expand the record with a document that is redundant and not properly authenticated. *See* Rules governing section 2254 petitions – Rule 7(a) (" . . . The judge may require that these materials be authenticated."). Accordingly, after reviewing the record, arguments of the parties and the law, the undersigned, upon reconsideration, DENIES Petitioner Powers' Motion to Expand the Record with regards to adding Item 7.[6]

Based upon the above, the Motion to Expand the Record (ECF No. 17), Motion to Expand the Record and Show Cause Order ECF No. 19, and , subsequent Order ECF No. 25, are

---

characteristics and the like, (5) Voice identification, (6) Telephone conversations, (7) Public records or reports, (8) Ancient documents or date compilation, (9) Process or system, (10) Methods provided by statute or rule. FRE 901(b) (1) - (10).

 [5] These documents include: (1) Domestic public documents under seal, (2) Domestic public documents not under seal, (3) Foreign public documents, (4) Certified copies of public records, (5) Official publications, (6) Newspapers and periodicals, (7) Trade inscriptions and the like, (8) Acknowledged documents, (9) Commercial paper and related documents, (10) Presumptions under Acts of Congress, (11) Certified domestic records of regularly conducted activity, (12) Certified foreign records of regularly conducted activity. FRE 902 (1) - (12).

 [6] The motion is still granted for Items 4 and 5.

5

(5:08CV520)

resolved.

The Court has received Powers' Motion Requesting [] Correction of the Record filed on November 18, 2009 and docketed as ECF No. 33. The motion is DENIED. The Court is not persuaded that the transcripts provided are inaccurate or otherwise erroneous. Petitioner Powers' request for more time is GRANTED. Powers' must file both his motion for reconsideration and Revised Traverse no later than **November 30, 2009**. Respondent may respond within one week of receiving a copy of the motion, should Respondent deem it necessary. Powers' withdrawal of his request for a evidentiary hearing is DENIED as moot, given that the Court had already denied the motion in an earlier order. *See* ECF No. 17.

IT IS SO ORDERED.

| | |
|---|---|
|   November 18, 2009 |   /s/ Benita Y. Pearson |
| Date | United States Magistrate Judge |