PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT O. POWERS | CASE NO. 5:08CV00520 |
| Plaintiff, | JUDGE PETER C. ECONOMUS |
| v. | |
| MAGGIE BEIGHTLER | MAGISTRATE JUDGE PEARSON |
| Respondent. | **MEMORANDUM OPINION AND ORDER** |

Petitioner Powers has three matters pending before the Court in addition to his writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1 ECF Nos. 35, 36, and 37. This Order resolves all outstanding matters with the exception of Powers' petition for a writ of habeas corpus.[1]

**Background**

Petitioner Powers has repeatedly sought to enlarge the record before the Court pertaining to his petition for a writ of habeas corpus. His efforts have been somewhat successful in that the undersigned permitted the expansion of the record to include several documents identified by Powers that were not previously part of the record before the Court. *See* ECF No. 19. Since then, Powers has sought to change or enlarge the issues presented *via* his habeas corpus petition and to further expand the record. For the reasons provided below, the Court permits Powers to amend his petition by adding to Ground Two the text submitted and the briefing in support

---

[1] Respondent did not respond to ECF Nos. 35, 36, or 37.

(5:08CV520)

provided. All other motions are denied, as explained below.

### A. Motions for Leave of Court to Amend Petition and Supplement with Additional Authorities (ECF No. 35)

In order to permit Powers to incorporate evidence recently added to the record, the undersigned allowed Powers to submit a revised traverse. *See* ECF Nos. 29 and 34. In response, Powers filed a pleading that included his revised traverse in the latter half of the motion, along with a motion to amend Powers' petition and a motion to supplement his traverse with additional authorities. ECF No. 35. As explained below, the amendment to Ground Two is permitted, as explained below, and Powers' motion to submit supplemental authority is denied.

#### 1. Motion to Supplement Powers' Traverse with Additional Authorities

Powers contends that he should be permitted to supplement his traverse with updated case law because his initial traverse was "inartfully and hastily drawn," and now that he has access to an updated law library, "he is [] able to sufficiently present his pleadings before the Honorable Court." ECF No. 35 at 3.

Powers did not attach the additional authority nor describe what it is. Powers has, on multiple occasions both with and without leave of Court, revised and supplemented his pleadings. The Court is confident that it has access to the research tools necessary to adequately resolve the legal issues before it. Powers' motion to supplement his revised traverse with additional authorities (ECF No. 35) is DENIED.

#### 2. Motion to Amend the Petition

Pursuant to Fed. R. Civ. Pro. 15(a) and 81(a), Powers has requested that the undersigned grant him leave to amend his petition because he "inadvertently" asserted the wrong Ground, and

2

(5:08CV520)

now seeks to withdraw the original Ground Two and substitute it with the new Ground Two.[2]

ECF No. 35 at 1.

### a. Amending a Pleading, Generally

Fed.R.Civ.P. 15, which governs pleading amendments in civil cases, is applicable to federal habeas corpus proceedings. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). The rule provides[,] in relevant part [,]that after a responsive pleading is served, a party may amend his pleading "only by leave of court," which "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *see also Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir.), *cert. denied*, 537 U.S. 938, 123 (2002). The factors that the court should consider in determining whether to grant leave to amend include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir.1998) (*quoting Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir.1994)) (emphasis added), *cert. denied*, 528 U.S. 842 (1999).

Courts have interpreted Rule 15(a) "as setting forth a 'liberal policy of permitting amendments to ensure the determination of claims on their merits.' " Oleson, 27 Fed.Appx. at 569 (quoting Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir.1987), in turn quoting Tefft v. Seward, 689 F.2d 637, 639 (6th Cir.1982)). Under this liberal standard, a party's delay in seeking an amendment is not sufficient reason standing alone to deny the motion to amend. Id.; see also Coe, 161 F.3d at 341 ("Delay by

---

[2] In the instant matter, the original Ground Two of Powers' petition is as follows: GROUND TWO: PETITIONER WAS DENIED DUE PROCESS WHEN THE STATE WAS PERMITTED TO REMARK THAT SEVERAL GUNS FROM A PREVIOUS CASE BELONGED TO THE PETITIONER.

ECF No. 1.

In his motion to amend, Powers' seeks to replace the original Ground Two with the following: GROUND TWO: APPELLATE, COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO ARGUE THAT PETITIONER WAS DENIED DUE PROCESS WHEN THE TRIAL COURT PERMITTED THE STATE TO IMPROPERLY STATE THAT SEVERAL GUNS FROM A PREVIOUS OFFENSE BELONGED TO PETITIONER WHEN IN FACT, PETITIONER WAS EXONERATED OF THE PRIOR OFFENSE.

ECF No. 35.

3

(5:08CV520)

> itself is not sufficient reason to deny a motion to amend.") (quoting Brooks, 39 F.3d at 130). Instead, "[n]otice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." Coe, 161 F.3d at 341-42 (quoting Brooks, 39 F.3d at 130).
>
> . . .
>
> Under Fed.R.Civ.P. 15(c), . . . relation back occurs when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). The Supreme Court has clarified that in the context of federal habeas proceedings governed by the AEDPA's one-year statute of limitations, an amendment to the petition to add untimely claims is permitted under Fed.R.Civ.P. 15(c)(2) only when the proposed claims "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." Mayle, 545 U.S. at 657. In other words, "[a]n amended petition ... does not relate back (and thereby escape the AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650; see also Wiedbrauk, 174 Fed.Appx. at 1001-02

*Long v. Warden, Warren Correctional Institution*, 2009 WL 3169964, (September 28, 2009, S.D.Ohio).

### b. Powers is Permitted to Amend his Original Petition

Powers filed the pending motion to amend in November 2009 (ECF No. 35), a year and three months after Respondent filed a return of writ in September 2008 (ECF No. 12), and a year and ten months after Powers filed the original petition in February 2008 (ECF No.1). Although the original petition was timely filed, Powers' motion to amend comes long after the expiration of the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Powers contends, however, that despite his delay in filing he should be permitted to amend the petition because under Fed.R.Civ.P. 15, his new claim "relates back" to the date the petition was originally filed. ECF No. 35 at 2-3. The undersigned does not find fault with this argument.

4

(5:08CV520)

### i. Undue Delay in Filing

A party's delay in seeking an amendment is not a sufficient reason, standing alone, to deny the motion to amend. *Coe*, 161 F.3d at 341 ("Delay by itself is not sufficient reason to deny a motion to amend.") (*quoting Brooks*, 39 F.3d at 130); *Moore v. City of Paducah*, 790 F.2d 557 (6th Cir. 1986) ("Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading. *Buder v. Merrill Lynch, Pierce, Fenner & Smith*, 644 F.2d 690 (8th Cir.1981); *Davis v. Piper Aircraft*, 615 F.2d 606 (4th Cir.1980); *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973)").

Although there was a lengthy and unexplained delay between filing of the original petition and Powers' request to amend, the undersigned finds that undue delay, alone, is not reason enough to deny Powers' motion to amend.

### ii. Relation Back

Pursuant to Fed. R. Civ. Pro. 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading . . . ."

Powers contends that the new Ground Two relates back to the original claim because the new Ground Two stems from the "conduct, transaction, or occurrence set forth" in the original claim. ECF No. 35 at 3. The undersigned acknowledges that the new Ground Two and the original Ground Two focus on the same subject: remarks or statements made by the prosecution

5

(5:08CV520)

regarding Powers' previous gun charges, and later exoneration. In the original Ground Two Powers claimed that the *trial court* erred when it permitted the prosecution to make remarks about his previous gun charges. In the new Ground Two, Powers claimed that his *appellate counsel* was ineffective when he did not argue denial of due process because of the trial Prosecutor's reference to Powers' previous gun charges.

The undersigned finds that the two versions of Ground Two "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading . . . ." Thus, the new Ground Two relates back to the date of the original pleading.

### iii. Ruling on Motion to Amend

After reviewing the record, the undersigned found that at one time Powers presented both the original Ground Two and the new Ground Two as one Ground on direct appeal to the Ohio Supreme Court. ECF No. 12-1 at 113, 118-120. Although his analysis is disjointed and difficult to follow at times, in his brief, Powers noted his objection to the trial court's inaction and to the alleged ineffective assistance of counsel from appellate counsel with respect to remarks about his previous gun charges.

In addition, at the beginning of his original traverse, Powers voluntarily waived 17 of 20 original Grounds (ECF No. 16 at1); one of which read: "Appellate Counsel was ineffective when he failed to argue that petitioner was denied a fair trial when the trial court permitted the state to remark that several weapons from a pervious offense belonged to petitioner." *See* Ground Ten in Powers' Petition, ECF No. 1.

As Powers has admitted that his initial Traverse was "inartfully and hastily drawn," it is

6

(5:08CV520)

conceivable that he only intended to include arguments regarding ineffective assistance of appellate counsel, that he actually meant to recast his Ohio Supreme Court argument, or that he inadvertently retained Ground Two and waived Ground Ten. In any case the undersigned will permit Powers to remedy his mistake.

Accordingly, Powers' motion to amend his petition (ECF No. 35) is GRANTED. And Powers' petition is hereby amended by adding or appending the new Ground Two to the original Ground Two. Because Powers has already briefed both the "new" and "original" Ground Two, he is not permitted to file any additional pleadings on this matter unless ordered to do so by the Court. *See* ECF No. 35 at 20. The Court hopes that by *appending* the new Ground Two rather than swapping the old for the new, Respondent can rely on its existing answer and return of writ and file, within two weeks of receiving a copy of this order, any revisions to either document that Respondent deems necessary.

### B. Motion to Supplement Revised Traverse (ECF No. 36)

On December 2, 2009, Powers sought to supplement his revised traverse by adding arguments in support of Ground One. He intimated that Respondent had not yet responded to his revised traverse and, consequently, would not be prejudiced. ECF No. 36 at 1. Powers has had ample opportunity to argue Ground One. The record contains that which the Court requires to resolve the legal issues relative to Ground One. Powers' motion to supplement his revised traverse with additional arguments regarding Ground One (ECF No. 36) is DENIED.

### C. Motion for Reconsideration of Motion for Correction of the Record of the State Trial Court Proceedings (ECF No. 37)

Also on December 2, 2009, Powers filed a document entitled, "Motion for

(5:08CV520)

Reconsideration of Motion For Correction of the Record of the State Trial Court Proceedings." ECF No. 37. Powers agreed that the July 25, 2006 date is a correct hearing date, but did not agree that the remainder of the "disputed dates" are either accurate or inaccurate. Also, Powers asserted that there are several erroneous inaccuracies that are "in complete contrast" with other statements in the transcript. ECF No. 37 at 1.

The Court is still not persuaded that the transcripts provided are inaccurate or otherwise erroneous. Therefore, Powers'"Motion for Reconsideration of Motion For Correction of the Record of the State Trial Court Proceedings" (ECF No. 37) is DENIED.

With the resolution of the matters attended to in this order, Power's petition for a writ of habeas corpus will be ready to rule at the expiration of the two-week period allotted for Respondent to revise its answer and return of writ based upon the amendment to Powers' Ground Two.

All parties are advised that no pleadings, other than Respondent's revised answer or return of writ, shall be filed without leave of Court.

IT IS SO ORDERED.

 February 19, 2010                    */s/ Benita Y. Pearson*
Date                                  United States Magistrate Judge