UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT O. POWERS, | ) | Case No.: 5:08 CV 520 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| MAGGIE BEIGHTLER, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending in the above-captioned case is Petitioner Robert O. Powers's ("Petitioner" or "Powers") Petition for a Writ of Habeas Corpus Pursuant to §2254 ("Petition")(ECF No.1.) For the following reasons, the court denies Petitioner's Petition.

The Court of Appeals found the facts to be as follows:

> Officer Kevin Evans ("Evans") arrested Appellant at his home on domestic violence charges. Appellant was indicted on five counts: one count of aggravated burglary, in violation of R.C. 2911.11(A)(1)/(2), one count of felonious assault, in violation of 2903.11(A)(2), one count of having a weapon under disability, in violation of R.C. 2923.13(A)(1)(2)(3), one count of domestic violence, in violation of R.C. 2919.25(A), and one count of criminal damaging, in violation of R.C. 2909.06(A)(1). Appellant pled not guilty to the charges, and the matter proceeded to a jury trial on July 31, 2006. Clark testified on behalf of the defense. At the conclusion of the trial, the jury found Appellant not guilty of aggravated burglary and guilty of the remaining four counts. On August 15, 2006, the trial court sentenced Appellant to seven years on the felonious assault charge, two years on having a weapon under disability charge, one year on the domestic violence charge and 90 days on the criminal damaging charge. The trial court ordered the sentences for felonious assault and having a weapon under

>disability to run consecutively for a total of nine years, which would run concurrently with the remaining sentences.

*State v. Powers,* No. 23400, 2007 WL 1612708, *1 (Ohio App. 9 Dist., June 6, 2007).

Powers originally alleged six claims in his Petition. However, he voluntarily dismissed all of the claims except for Grounds One, Two, and Three, which are as follows:

>**1. GROUND ONE**: THE TRIAL COURT DENIED PETITIONER THE SIXTH AMENDMENT RIGHT TO REPRESENT HIMSELF AT TRIAL.
>**2. GROUND TWO**: PETITIONER WAS DENIED DUE PROCESS WHEN THE STATE WAS PERMITTED TO REMARK THAT SEVERAL GUNS FROM A PREVIOUS CASE BELONGED TO THE PETITIONER.
>**3. GROUND THREE**: THERE WAS INSUFFICIENT EVIDENCE TO PROVE THE ELEMENTS OF HAVING WEAPONS WHILE UNDER DISABILITY.

(Petition, ECF No. 1, at pp. 7-9; Pet.'s Reply/Traverse to Resp.'s Return of Writ, ECF No. 16 at 2.)

This court referred the case to Magistrate Judge Benita Y. Pearson for preparation of a report and recommendation. On September 24, 2010, Magistrate Judge Pearson submitted her Report and Recommendation (ECF No. 42), recommending that judgment be entered in Respondent's favor.

Federal Rules of Civil Procedure 72(b) sets forth the standard a district court is to use in reviewing a magistrate judge's report and recommendation. The Advisory Committee Notes to Rule 72(b) state that: "[w]hen no timely objection [to the report and recommendation] is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court determined that, "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions under a *de novo* or any other standard, when neither party objects to those findings." The *Arn* Court found that as long as the parties are afforded clear notice of the rule

regarding the filing of objections and are given the opportunity to seek an extension of time to file objections, "the failure to file objections to the magistrate's report waives the right to appeal the district court's judgment." *Id.* at 142.

As of the date of this Order, Petitioner has not filed an objection to the Report and Recommendation. By failing to do so, he has waived the right to appeal the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Magistrate Judge Pearson determined that the Court of Appeals' decision that Powers's Sixth Amendment right to represent himself was not violated, "was not contrary to, nor did it constitute an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." (R&R, at p. 18.) In regard to Ground II, Judge Pearson determined that the claim is not cognizable under §2254 because the inquiry is whether evidence was properly admitted or improperly excluded under state law. (*Id.* at pp. 9-10). Judge Pearson further found that, in any event, Ground II is procedurally defaulted and that it fails on the merits because, "the Supreme Court of Ohio has never addressed whether the admission of other bad acts violates due process." (*Id.* at p. 12, 14.) In regard to Ground III, Judge Pearson determined that, "any rational trier of fact could have found the essential elements for the crime [of having weapons while under disability] beyond a reasonable doubt." (*Id.* at p. 23.) As a result, the Court of Appeals' adjudication regarding Ground III was not contrary to, and was not an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.

The court finds, after *de novo* review of the Report and Recommendation and all other

relevant documents, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation. (ECF No. 42.) Powers's Petition is hereby denied, and final judgment is entered in favor of the Respondent. The court further certifies that, pursuant to 28 U.S.C. §1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

      IT IS SO ORDERED.

    /s/*SOLOMON OLIVER, JR.*
    CHIEF JUDGE
    UNITED STATES DISTRICT COURT

January 31, 2011